IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 93-1681

---

IN THE MATTER OF ESCO MANUFACTURING CO.,

Debtor

PENSION BENEFIT GUARANTEE CORP.,

Appellee,

versus

GREGG PRITCHARD, TRUSTEE IN BANKRUPTCY
FOR ESCO MANUFACTURING CO.,

Appellant.

---

Appeal from the United States District Court
for the Northern District of Texas

---

ON PETITION FOR REHEARING

(Opinion September 29, 2994, 5th Circuit _____F.3d_____)
(April 5, 1995)

Before GOLDBERG[1], HIGGINBOTHAM, and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:

    We withdraw our earlier opinion, reported at 33 F.3d 509 (5th

Cir. 1994), and substitute the following opinion.


I.


---

    [1] Judge Goldberg concurred in the above opinion before his
death on February 11, 1995.

The district court held that the trustee in bankruptcy was obligated to terminate the debtor's pension plan in compliance with ERISA's termination provision, 29 U.S.C. § 1341. It affirmed the bankruptcy court's holding that plan assets are not assets of the estate. It apparently ordered the trustee to proceed with termination of the plan, regardless of whether the trustee was the plan administrator. It remanded to the bankruptcy court for further consistent proceedings. The trustee appealed.

II.

Under ERISA, "plan administrator" is a well-defined term for the fiduciary charged with administering the plan. The administrator is "the person specifically so designated by the terms of the" plan. 29 U.S.C. § 1002(16)(A)(i). The statute distinguishes between plan sponsors and plan administrators, providing that the plan sponsor becomes the plan administrator only if the plan does not designate an administrator. Id. § 1002(16)(A)(ii). "Plan sponsor" is a separate defined term for the employer who sets up an employee benefit plan. Id. § 1002(16)(B). The terms of Esco's plan set up a committee as plan administrator, three of whose members were to be appointed by Esco and three of whom were to be appointed by a union. The evidence in the record shows that officers of Esco and the union fulfilled their roles as members of the committee. There is no contrary evidence, nor any evidence that the administrative committee did not exist at the time of the district court's ruling.

III.

Section 1341 allows for termination of an ERISA plan only by the plan administrator or the PBGC and states that a single-employer plan may be terminated only in accordance with that section. Congress intended this mechanism to "provide the sole and exclusive means under which a qualified pension plan may be terminated." H.R. Rep. No. 300, 99th Cong., 2d Sess. 289 (1985), reprinted in 1986 U.S.C.C.A.N. 756, 940. As the Third Circuit has recognized, "ERISA authorizes the plan administrator to terminate a plan," even if there is "an inconsistent plan provision to the contrary." Delgrosso v. Spang & Co., 769 F.2d 928, 938 n.12 (3d Cir. 1985), cert. denied, 476 U.S. 1140 (1986). Esco could decline to participate further in a plan, but this would neither end its liability nor work a statutory termination, because § 1341 vests the power to terminate in an extant administrator, and Esco was not the administrator but was plan sponsor. This is true notwithstanding Article XII of the Plan, which purported to give Esco that power. In short, Esco never had the power to terminate. The trustee did not succeed to that power. The district court erred on these facts in holding that the trustee had the power to terminate the plan and erred in directing him to do so. REVERSED.