**In re NEW CENTER HOSPITAL, Debtor.**

No. 96–CV–70285–DT.

United States District Court,
E.D. Michigan,
Southern Division.

July 31, 1996.

Robert E. Weisberg, Birmingham, MI, for Trustee.

Mark S. Frankel, Farmington Hills, MI, for New Center Hospital Employee's Pension Plan.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

This matter is before the Court on an appeal by New Center Hospital Employee's Pension Plan and Trust ("Appellant" or "Plan"). Appeal briefs were filed and a hearing held on the matter.

I.

Appellant Plan is a defined contribution plan governed under the Employee Retire-

ment Income Security Act, 29 U.S.C. § 1001 et seq. Appellee Basil Simon is the Chapter 11 Bankruptcy Trustee appointed by Judge Ray Reynolds Graves in the New Center Hospital Bankruptcy. New Center Hospital is the Debtor. Appellant sought to compel the Bankruptcy Trustee to administer the Plan or have him removed. Judge Graves denied the relief sought in an Order dated January 9, 1996.

Appellee asserts that the duties of the Plan Administrator do not lie with the Bankruptcy Trustee but the Plan Trustee. The Appellee further asserts that the Debtor had not made payments to the Plan since 1986, before it sought bankruptcy. The Bankruptcy Trustee considers the Plan terminated since 1986. In a district court litigation involving the Plan,[1] the Honorable Gerald Rosen entered an order appointing a Receiver for the Plan on March 31, 1993. The Receiver was appointed, *inter alia*, to execute the duties of the Plan Trustee. (Ex. 2, Appellant's brief, March 3, 1993 Order, p. 3, par. A). On April 9, 1993, the Debtor filed the underlying Chapter 11 bankruptcy petition.

It is the Appellee's position that if the Bankruptcy Trustee were to administer the Plan, he will be required to act solely in the interest of the Plan beneficiaries which will be in conflict with the Bankruptcy Trustee's duty to the Bankruptcy Estate. Appellee asserts that he cannot serve as an ERISA fiduciary and a bankruptcy estate fiduciary at the same time.

Appellant cites *In the Matter of Esco Manufacturing Co.*, 33 F.3d 509 (5th Cir. 1994) (*"Esco I"*) and *In the Matter of Esco Manufacturing Co.*, 50 F.3d 315 (5th Cir. 1995) (*"Esco II"*) to support its argument that the Bankruptcy Trustee is required to administer the Plan under ERISA and the Plan. The *Esco I* opinion was expressly withdrawn by *Esco II*. The Court will not consider the *Esco I* opinion.

The plan administrator is the fiduciary charged with administering the plan and is defined under ERISA as "the person specifically so designated by the terms of the" plan.

29 U.S.C. § 1002(16)(A)(i); *Esco II*, 50 F.3d at 316. The "plan sponsor" is a separate defined term for the employer who sets up an employee benefit plan. 29 U.S.C. § 1002(16)(B); *Esco II*, 50 F.3d at 316. The plan sponsor becomes the plan administrator only if the plan does not designate an administrator. 29 U.S.C. § 1002(16)(A)(ii); *Esco II*, 50 F.3d at 316.

Under the Plan at issue, New Center Hospital is both the Plan Sponsor and the Plan Administrator. Section 1.09 of the Plan defines "Employer" as "New Center Hospital." Section 1.19 of the Plan defines "Plan Administrator" as:

> New Center Hospital or any duly appointed successor Plan Administrator as provided under Section 9.01(a). If none designated, the Employer shall hereby be named Plan Administrator.

Other than the Employer New Center Hospital, there is no evidence that a separate Plan Administrator was appointed by the Employer. The Plan Administrator's duties are defined under the Plan, including Section 9.02 and Article 11.

■ The Bankruptcy Trustee assumes the position of the debtor as to that debtor's many obligations. 11 U.S.C. § 541. Courts have held that statutory obligations that bind the debtor will subsequently bind the bankruptcy trustee. *Hays and Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1154–62 (3rd Cir.1989). Here, under ERISA and the Plan at issue, the Debtor/Employer New Center Hospital is specifically designated as the Plan Administrator. Accordingly, the Bankruptcy Trustee now assumes the position as the Plan Administrator and must carry out the duties of the Plan Administrator pursuant to the Plan, including the duties set forth in Sections 9.02 and Article 11 of the Plan. The Plan Trustee, here the Receiver, is vested with separate and distinct duties from the Plan Administrator under the Plan.

---

**1.** *Service Employees Int'l Union Local 79, et al. v. New Center Hospital, et al.,* Case Number 92–CV–

73630–DT (E.D.Mich.)

## II.

■ It is the Bankruptcy Trustee's position that the Plan has already been terminated. No evidence has been submitted indicating that the Plan Administrator expressly terminated the Plan, either before or after the bankruptcy proceedings had begun. Although Section 12.04 of the Plan vests the right to terminate the Plan with the Employer, Section 1341 of ERISA allows for termination of a plan *only* by the Plan Administrator, even if a plan provides otherwise. *Esco II,* 50 F.3d at 316. This mechanism was intended by Congress to "provide the sole and exclusive means under which a qualified pension plan may be terminated." H.R.Rep. No. 300, 99th Cong., 2d Sess. 289 (1985), U.S.Code Cong. & Admin.News, 1985, pp. 42, 940; *Esco II,* 50 F.3d at 316.

The Bankruptcy Trustee asserts that participation in the Plan actually terminated in 1986 when the Debtor stopped making payments into the Plan. The Bankruptcy Trustee further asserts that the United States District Court recognized this fact when Judge Patrick Duggan issued a May 23, 1994 Opinion and Order Granting Michigan National Bank's Motion for Summary Judgment. However, the May 23, 1994 Opinion merely states that New Center Hospital was having financial difficulty. The substance of the Opinion addressed the issue of whether the former Plan Trustee, Michigan National Bank, breached its fiduciary duty to the Plan. Judge Duggan found that it did not because Michigan National Bank did not resign as the Plan Trustee but was removed by the Employer pursuant to Section 9.01 of the Plan. The May 23, 1994 Opinion did not judicially declare that the Plan was insolvent pursuant to Section 12.05 of the Plan. Despite the fact that the Debtor/Employer is currently in bankruptcy proceedings and Section 12.05 of the Plan provides for termination of the Plan if there is no provision for continued participation in the Plan, there has been no evidence presented that the Bankruptcy Court has ruled on this issue. In any event, even in bankruptcy, it is still the duty of the Plan Administrator to proceed with termination of the Plan. *Esco II,* 50 F.3d at 316. Here, no evidence has been presented that the Plan Administrator has begun the necessary proceedings to terminate the Plan.

Even if the Plan automatically terminated pursuant to Section 12.05 of the Plan because of a judicial declaration of bankruptcy, dissolution or consolidation, the Plan Administrator continues to have duties under Section 12.08 of the Plan. Section 12.08 specifically states:

> *Distribution.* Upon Employer's termination or partial termination of this Plan *at the direction of the Plan Administrator,* Trustee shall take one or more of the following actions:
>
> (a) Continue the Trust and pay benefits when due in accordance with the provisions of this Plan.
>
> (b) Transfer to each Participant or Beneficiary by delivery accompanied by suitable instrument of transfer, all Policies held for his account and release to all such transferees all incidents of ownership the Trustee has in such Policies.
>
> (c) Promptly liquidate all remaining Plan assets, including Policies, deduct reasonable compensation and expenses, allocate any income or change in fair market value in the fund as of the last Valuation Date, and distribute such assets to Participants or their Beneficiaries in the order prescribed by Federal Law, valued in the same manner as provided in Section 3.08. In lieu of distributing cash or property, including life insurance contracts, Trustee may distribute to a Participant or a Beneficiary, Trustee investments or Policies purchased for distribution. (emphasis added)

The Bankruptcy Trustee asserts that it is the Plan Trustee's duty to make the necessary distribution under Section 12.08 of the Plan. However, Section 12.08 clearly states that the Trustee can only take the actions described in Section 12.08 *at the direction of the Plan Administrator.* No evidence has been presented that the Plan Administrator, here the Bankruptcy Trustee, has directed the Plan Trustee to take any course of action relating to the Plan. Nor has any evidence been presented indicating that the Plan Administrator has fulfilled its duties under the Plan, including duties set forth under Section

9.02 and Article 11, in preparation for the distribution provided for under Section 12.08 if in fact the Plan is terminated.

Based on the above, the Court finds that the Bankruptcy Court erred in denying the Plan's Motion to Compel Chapter 11 Trustee to Fulfill His Duties and Obligations Under the Terms of the Debtors' Employee's Pension Plan and Trust. The Court further finds that the Bankruptcy Court erred in finding that the Chapter 11 Trustee did not have the responsibility to ensure that the duties and obligations of the Plan Administrator of the Plan are discharged. The Appellee, Chapter 11 Bankruptcy Trustee, under ERISA and the Plan, is the Plan Administrator and is responsible for the duties and obligations of the Plan Administrator under the Plan.

Accordingly,

IT IS ORDERED that the Bankruptcy Court's January 9, 1996 Order Denying Motion to Compel Chapter 11 Trustee to Fulfill His Duties and Obligations under the Terms of the Debtor's Employees' Pension Plan and Trust is hereby REVERSED and REMANDED to the Bankruptcy Court for further proceedings consistent with the Court's Opinion.